IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANE M. LANG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 22-576 |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

O R D E R

AND NOW, this 19th day of September, 2023, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).   *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff raises several arguments on appeal.   She contends that the Administrative Law Judge ("ALJ") did not properly account for her mental limitations in formulating her

1

residual functioning capacity ("RFC") and that she erred in failing to resolve a conflict between the testimony of the vocational expert ("VE") and the Dictionary of Occupation Titles ("DOT") at Step Five of the Social Security Administration ("SSA")'s sequential process.  After careful review, the Court disagrees and finds that substantial evidence supports the decision of the ALJ.

The Court rejects Plaintiff's first argument that the ALJ did not fully account for her mental limitations in the RFC.  The ALJ formulated an RFC finding that Plaintiff could perform medium work as defined in 20 CFR 404.1567(c) with the following limitations:
- No more than occasional postural maneuvers;
- No climbing of ropes, scaffolds, and ladders;
- No operation of a motor vehicle as a part of the job;
- A stable environment where the workplace and the work process remain generally the same from day-to-day;
- No more than occasional decision making and should use only concrete variables in or from standardized situations;
- No more than occasional and cursory interactions with co-workers, no interaction with the public, and no collaboration;
- Self-paced work;
- No tandem work;
- Instructions are provided orally, or with short demonstration;
- An opportunity for training for up to but not more than 30 days.

(R. 60).  Plaintiff contends that the ALJ formulated this RFC incorrectly because certain misstatements exist in her decision.  Specifically, Plaintiff points out that the ALJ relied on the opinion of the state agency medical consultants Drs. Stephen Timchack and Susan Schwartz that Plaintiff had no more than "moderate mental functional limitations[,]" (Doc No. 14 at 10 (citing R. 65)), when Dr. Schwartz specifically noted that Plaintiff is "markedly" impaired in interacting appropriately with the general public, maintaining socially appropriate behavior, and adhering to basic standards of neatness and cleanliness.  (Doc. No. 14 at 10 (citing R. 172)).  Additionally, Plaintiff argues the ALJ incorrectly noted her RFC findings were "more restrictive" than the limitations recommended by Drs. Schwartz and Timchack, who found Plaintiff had "moderate impairments" as to maintaining regular attendance, being punctual within customary tolerances, and completing a normal workday or workweek without interruptions.  (Doc No. 14 at 10 (citing R. 65, 153-54, 171-74)).  Plaintiff also asserts that had the ALJ not mistakenly believed that her RFC was more restrictive than that opined by Drs. Timchack and Schwartz, the ALJ would have given fully persuasive weight to both Drs. Timchack and Schwartz's opinions.  (Doc No. 14 at 10).  Plaintiff further points out that the ALJ did not account for her off-task time or absenteeism in formulating her RFC.  (Doc. No. 14 at 11).

The Court finds that the ALJ's misstatements under the circumstances here constitute no more than harmless error.  The ALJ thoroughly discussed her reasoning behind Plaintiff's mental functional limitations contained in her RFC.   Plaintiff is correct that the ALJ misstated Dr. Schwartz's opined mental functional limitations, incorrectly noting that Dr. Schwartz found Plaintiff's mental functional limitations were "moderate" when Dr. Schwartz's opinion was that Plaintiff was "markedly" impaired in certain categories of the mental residual functional capacity assessment, namely in her ability to interact appropriately with the general public and her ability to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness.  (R. 65, 171-74).  However, regardless, the ALJ fully examined the evidence in the record and explained how she reached her determinations as to mental functional limitations in the RFC.  (R. 65).  Indeed, the ALJ noted that the record of evidence showed "minimal objective abnormalities, including no neurological deficits and grossly intact mental status exam findings with normal memory, concentration, and attention."  (*Id.*).  She further wrote that Drs. Timchack and Schwartz's opinions were "generally consistent with the record of evidence."  (*Id.*).  The ALJ found further evidence for this finding from the consultants' notes, which explained Plaintiff was "able to sustain an ordinary routine without special supervision, capable of asking simple questions and accepting instruction, and able to function in production orientated environments requiring little independent decision making."  (*Id.* (citing Exs. B3A and B6A)).

The ALJ also analyzed Plaintiff's social functioning and noted that Plaintiff's reported activities suggested generally intact social functioning.  (R. 65).  The Plaintiff reported activities including shopping in public, going on a trip with friends, joining and attending a church, visiting with neighbors, spending holidays with family, and caring for an elderly woman.  (*Id.* (citing Exs. B4E; B4F/16, 21, 26; B28F/9)).  In this way, the ALJ's explanation for the RFC is supported by substantial evidence despite the misstatement of Dr. Schwartz's found mental functional limitations.

Further, the ALJ's misstatement that her RFC was "further reduced" from that recommended by Drs. Schwartz and Timchack was also harmless error.  (R. 65).  The ALJ thoroughly explained how she crafted her RFC, writing:

> As thoroughly detailed above, these opinions [of Drs. Schwartz and Timchack] were generally consistent with the record of evidence at the time in which they were offered, showing minimal objective abnormalities, including no neurological deficits and grossly intact mental status exam findings with normal memory, concentration, and attention.  However, in giving further consideration to the additional evidence received in connection with the hearing and the claimant's testimony, the undersigned has further reduced the residual functional capacity to include preventative postural restrictions and interaction related restrictions, as well as further

3

> defined production levels in that they should be self-paced, rather than paced by a machine. These restrictions better account for the claimant's reported difficulties in getting along and handling/coping with stress.

(R. 65). In this way, the ALJ fully laid out her reasoning the RFC based on the whole record. Accordingly, substantial evidence supports the ALJ's finding.

Additionally, contrary to Plaintiff's assertion, the ALJ did address off-task time and absenteeism in formulating Plaintiff's RFC. The ALJ specifically noted when analyzing the RFC that "there is no evidence to suggest that the claimant was having any problems with this work or that she was missing work once a week as indicated in her testimony." (R. 64). Moreover, the ALJ noted earlier in the decision when analyzing whether Plaintiff met a Listing that Plaintiff had "no documented episodes of deterioration that have required hospitalization or absences from work, making it difficult to sustain work activity over time." (R. 59). While this was partially considered during the ALJ's analysis of Plaintiff meeting a Listing, the Third Circuit Court of Appeals instructs that the ALJ's decision must be "read as a whole" when assessing whether substantial evidence supports an ALJ's finding. *Jones v. Barnhart*, 364 F.3d 501, 504 (3d Cir. 2004). Thus, substantial evidence supports the ALJ's finding as to off-task time and absenteeism.

Plaintiff's next argument is similarly unpersuasive. Plaintiff argues the RFC finding requiring an occasional postural limitation creates an apparent conflict with the Dictionary of Occupational Titles ("DOT") as to two of the three jobs identified by the VE. In addressing the ALJ's hypothetical, the VE provided three jobs that Plaintiff could do with her RFC: produce packer, floor waxer, and hand packager. (R. 67, 109). Two of these jobs, agricultural produce packer and floor waxer, are defined by the DOT as requiring "frequent" stooping. (DOT # 920.687-134; DOT # 381-687-034). However, the ALJ limited Plaintiff to only "occasional" stooping. (R. 60). While such a conflict can be an issue, here it is, at best, harmless error.

The DOT is the government publication that ALJs and VEs are bound to depend upon in determining the vocational requirements relevant to Steps Four and Five of the sequential process. It "is a vocational dictionary that lists and defines all jobs available in the national economy and specifies what qualifications are needed to perform each job." *McHerrin v. Astrue*, No. 09-2035, 2010 WL 3516433, at *3 (E.D. Pa. Aug. 31, 2010) (citing SSR 00-4p, 2000 WL 1898704 (S.S.A. Dec. 4, 2000)).

Plaintiff is correct that two of the three jobs the ALJ found she could perform – agricultural produce packer (DOT # 920.687-134) and floor waxer (DOT # 381-687-034) – are identified in the DOT as requiring "frequent stooping," requiring stooping "from 1/3 to 2/3 of the time[.]" (DOT # 920.687-134; DOT # 381-687-034). Plaintiff is also correct that the ALJ limited Plaintiff's RFC to "occasional" postural maneuvers (R. 60), which

4

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 13) is DENIED, and Defendant's Motion for Summary Judgment (Doc. No. 15) is GRANTED.

s/Alan N. Bloch<br>
United States District Judge

ecf:	Counsel of record

---

includes occasional stooping. *See* SSR 85-15, 1985 WL 56857, at *7 (S.S.A. 1985) (including stooping as a postural-manipulative impairment). "Occasional stooping" is limited to stooping 1/3 of the time. *See, e.g.*, DOT # 579.134-018, 1991 WL 684099 (Jan. 1, 2016) (explaining that this job requires occasional stooping, meaning stooping exists up to 1/3 of the time). Accordingly, there is a true conflict between the VE's testimony that Plaintiff could perform the jobs at issue and the DOT. *See Shuttleworth v. Kijakazi*, No. 21-1109, 2022 WL 4610631, at *1 n.1 (W.D. Pa. Sept. 30, 2022) (finding a true conflict between the VE's testimony, the ALJ's findings, and the DOT when the ALJ included a job with frequent stooping and the plaintiff's RFC was limited to occasional stooping). Nonetheless, the Court need not determine whether this inconsistency would require remand because one position would remain in any event – that of hand packager.

As the Commissioner points out, Plaintiff does not challenge the job of hand packager, and this position alone satisfies the ALJ's burden of production. (Doc. No. 16 at 10; DOT # 920.587-018). While the Commissioner does bear the burden of demonstrating that the claimant can perform jobs existing in the national economy at the fifth step of the sequential analysis, *see Zirnsak v. Colvin*, 777 F.3d 607, 616 (3d Cir. 2014), this burden is satisfied if the ALJ identifies at least one occupation with a significant number of jobs in the national economy that the claimant can perform. *Wilkinson v. Comm'r of Soc. Sec.*, 558 Fed. Appx. 254, 256 (3d Cir. 2014) (citing 20 C.F.R. § 404.1566(b)). Accordingly, the hand packager position alone would satisfy the Commissioner's burden at Step Five. As the Commissioner points out, there is no inherent conflict between the VE's testimony and the DOT as the DOT defines this job as not requiring stooping. (DOT # 920.587-018). The VE further identified the job of hand packager as having 60,000 jobs available nationwide. (R. 67, 109). Therefore, in context, this job supports that there are a significant number of jobs in the national economy that Plaintiff can perform even setting aside the positions of agricultural produce packer and floor waxer.

Accordingly, the Court affirms the decision of the ALJ.